**Northwestern Mutual®**

**JUSTINE STRUPP**
Life Benefits Consultant
Life Benefits Division
Policyowner Services Department
800-635-8855, ext. 6613563

September 11, 2019

Karen Townsend
12380 Jasper Point Way
Castle Pines, CO 80108

> **Re:    Darren Townsend**
> **Policies No. 22219582 & 22247352**

Dear Mrs. Townsend:

I want to begin by recognizing that this must be a difficult time for you and your family.  Please accept my condolences on the loss of your husband, Darren Townsend.

As you know, upon receiving notice of Darren's death, we began our claim process, which included a routine contestable review to verify that the information contained in the applications for both his individual Level Term 20 policy, Policy 22219582(the "Individual Policy"), and the Survivorship Complife policy, Policy 22247352 (the "Survivorship Policy") issued on the lives of both you and Darren, were complete and accurate.

An essential part of the application is the Medical History Questionnaire (the "MHQ") that Darren signed on June 6, 2017, when you and he initially applied for the Survivorship Policy.  We rely on the medical and health information provided in the MHQ to make an informed underwriting decision. Darren answered "No," to the following MHQ question:

> "4c.  **In the last 10 years**, have you used marijuana, **cocaine**, heroin, methamphetamine, hallucinogens or any other illegal drug or substance?"
> (Emphasis added)

Rather than requiring Darren to complete a new Medical History Questionnaire, we allowed him to complete a supplemental Personal Health and Status Declaration ("Declaration 1") when he applied for the Individual Policy just two months later.  The Declaration provided in part:

> "…**I understand that my most recent application** to the company **will be attached to the policy**, <u>including a copy of this declaration</u>. *I declare that my answers provided in my most recent application sent to the Company <u>are still</u>*, to the best of my knowledge and belief, **complete, true, and correct** today."
> (Emphasis added)

Darren signed the Declaration on August 16, 2017, attesting that there had been no changes in any of the health or other information he provided in his June 2017 application.  Based on the information provided, Northwestern Mutual issued the Individual Policy on September 20, 2017 (the "Individual Policy Date of Issue").

NORTHWESTERN0052

EXHIBIT D

You will recall that after the Individual Policy was issued, you and Darren expressed continued interest in the Survivorship Policy after not taking it as originally issued in August 2017. We agreed to reconsider the application, but due to the passage of time, again required Personal Health and Status Declarations from both you and Darren. Darren once again attested, in a Personal Health and Status Declaration signed on October 20, 2017 ("Declaration 2") that there had been no changes in any of the health or other information he provided in his June 2017 application. Based on the information provided, the Survivorship Policy was issued on October 20, 2017 (the "Survivorship Policy Date of Issue").

Copies of both the Individual Policy and the Survivorship Policy applications are enclosed per your recent request.

A contestable review is usual and customary for all claims involving a death that occurs within two years of the date the policy was issued (the "Date of Issue"). In Darren's case, he passed away within two years of both the Individual Policy Date of Issue and the Survivorship Policy Date of Issue. A contestable review was therefore warranted by both policies.

Section 1.4 of the Individual Policy entitled "INCONTESTABILITY" provides:

> **Except as stated below for a fraudulent misstatement, the Company will not contest this Policy after the Policy has been in force, during the lifetime of the Insured, for two years from the Date of Issue** or for two years from the effective date of a reinstatement (Section 4). Except as stated below for a fraudulent misstatement, a change (including an increase in the amount of insurance) to the terms of the Policy after the Date of Issue, which occurred at the request of the Owner and was subject to the Company's insurability requirements, will be incontestable after the change has been in force, during the lifetime of the Insured, for two years from the effective date of the change. **In issuing the insurance, the Company has relied on the application(s)**. **While the insurance is contestable, the Company, on the basis of a material misstatement in the application(s), may rescind the insurance or deny a claim**. After the applicable contestability period set forth above, the Company may rescind the insurance for a fraudulent misstatement to the extent allowed by the law of the state in which this Policy is delivered or issued for delivery. (Emphasis added)

Likewise, Section 1.4 of the Survivorship Policy 4 entitled "INCONTESTABILITY" reads:

> **Except as stated below for a fraudulent misstatement, the Company will not contest this Policy after the Policy has been in force, during the lifetime of at least one Insured, for two years from the Date of Issue** or for two years from the effective date of a reinstatement (Section 4.4). Except as stated below for a fraudulent misstatement, a change (including an increase in the amount of insurance) to the terms of the Policy after the Date of Issue, which occurred at the request of the Owner and was subject to the Company's insurability requirements, will be incontestable after the change has been in force, during the lifetime of the Insured, for two years from the effective date of the change. **In**

NORTHWESTERN0053

EXHIBIT D

**issuing the insurance, the Company has relied on the application(s)**. **While the insurance is contestable, the Company, on the basis of a material misstatement in the application(s), may** **rescind the insurance or deny a claim**. After the applicable contestability period set forth above, the Company may rescind the insurance for a fraudulent misstatement to the extent allowed by the law of the state in which this Policy is delivered or issued for delivery.
(Emphasis added)

Unfortunately, our contestable review has shown that information Darren provided in the MHQ, Declaration 1, and Declaration 2, all part of the applications for the policies, was not accurate and significantly affected our underwriting of his applications.

Part of our review involved obtaining medical records from Highland Behavioral Health. Those records detail an October 2018 admission following a suicide attempt, and include the following:

"Have you used any psychoactive or mood altering substances within the past 12 months?"

| Substance... | Amount/Frequency/Route | Duration of Use | Age of 1st Use | Last Use |
|---|---|---|---|---|
| Cocaine | 1-2 x, snort | 1/2 x only | 43 | 3/2018 |

If Darren was 43 years of age as of the date he first snorted cocaine, then he first snorted cocaine as early as June 7, 2016, which would have been well within the ten-year period of time in question in Question 4c of the MHQ.

Had Northwestern Mutual been aware of Darren's prior history of cocaine use at the time of application, the applications would have been underwritten in a different manner such that the Individual Policy would ultimately not have been issued and a different Survivorship policy with increased premiums would have been issued as he would not have been considered individually insurable.

Therefore, I regret to inform you that Northwestern Mutual is rescinding both the Individual Policy, Policy 22245419, and the Survivorship Policy, Policy 22247352, and returning all premiums paid for these policies. The rescission of the policies results in them being treated as if they never existed or were in force. We are also hereby denying your claim under the Individual Policy because there is no policy under which a claim could be made.

If you have any questions or if there is additional information that you would like us to consider, please contact me. You may fax this information to me at 414-625-9000. Our toll-free number is 800-635-8855, ext. 6613563.

Sincerely,

*Justine Strupp*

Justine Strupp

NORTHWESTERN0054

EXHIBIT D